**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 29 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDREW AVILA,<br><br>　　　　Plaintiff-Appellant,<br><br>v.<br><br>MICHAEL A. FELDER, C.E.O. CCHS at Kern Valley State Prison; CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES,<br><br>　　　　Defendants-Appellees. | No. 22-15791<br><br>D.C. No. 1:21-cv-01510-JLT-BAM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, District Judge, Presiding

Argued and Submitted November 7, 2024
Pasadena, California

Before: W. FLETCHER, CALLAHAN, and DE ALBA, Circuit Judges.

Plaintiff-Appellant Andrew Avila is a prisoner in Kern Valley State Prison

("KVSP") who experienced significant medical problems with his right eye.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Proceeding pro se, Avila sued Defendant-Appellee Michael Felder, then-CEO of KVSP, alleging deliberate indifference to a serious medical need under the Eighth Amendment. After a single opportunity to amend, the district court screened Avila's amended complaint with prejudice for failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand to the district court to give Avila the opportunity to submit a second amended complaint.

"A determination of 'deliberate indifference' involves an examination of two elements: (1) the seriousness of the prisoner's medical need and (2) the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). The district court did not dispute that Avila's medical problems resulting in significant pain and vision loss in one eye constituted a serious medical need under the Eighth Amendment.

To show that defendant did not respond appropriately, a prisoner must show "(a) a purposeful act or failure to respond to [his or her] pain or possible medical need and (b) harm caused by the indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Avila's amended complaint alleges that he was personally seen and treated by Felder. He alleges that though Avila reported to Felder that his right eye "hurt[] really bad" and that he was "not really able to see," Felder "read

[Avila's] chart and did nothing but prescribe medication that caused an allergic reaction." Felder then refused to "sign an emergency outpatient order . . . for a year and [Avila] lost (R) vision perman[en]tly[,] which could have been avoided if the defendant would have done his job."

Avila's pleadings, taken as true, state a plausible claim of deliberate indifference to a serious medical need. At the screening stage, courts must "take as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor." *Nordstrom v. Ryan*, 762 F.3d 903, 906 (9th Cir. 2014) (quoting *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011)). In particular, "[p]ro se complaints are construed 'liberally' and may only be dismissed 'if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Nordstrom*, 762 F.3d at 908 (quoting *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012)); *see Hebbe v. Pliler*, 627 F.3d 338, 342–43 (9th Cir. 2010).

It is unlikely that Felder, the named defendant and then-CEO of the prison, would have personally met with and treated Avila. But under the circumstances of this case, the district court should have granted leave for Avila to further amend his complaint. A court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be

cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *see also id.* at 1131 (finding that this "rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant" (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987))).

Moreover, in his objection to the magistrate court's findings and recommendations, Avila suggested that there were other unnamed medical personnel allegedly responsible for his inadequate care. "[W]here the identity of alleged defendants will not be known prior to the filing of a complaint . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). We reverse the district court's screening order and remand the case to allow Avila to file a second amended complaint.[1]

**REVERSED and REMANDED.**

---

[1] Counsel represented at oral argument, "We would certainly hope that the district court would appoint counsel below. The UCLA Prisoners' Rights Clinic does only handle appeals, but we have had success in pairing clients with pro se counsel before, and we would certainly be invested in doing so in this case." We remand the case to the district court with that understanding.